UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA H.,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>  Defendant. | Case No.: 23cv2087-MMP<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**<br><br>**2) DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**<br><br>[ECF No. 2] |

On November 10, 2023, Maria H. ("Plaintiff") filed this Social Security appeal pursuant to 42 U.S.C. § 405(g) of the Social Security Act, seeking judicial review of the administrative decision of the Commissioner of the Social Security Administration ("Defendant"), which denied Plaintiff's application for social security disability insurance (SSDI) and supplemental security income (SSI) benefits. [ECF No. 1.] That same day, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). [ECF No. 2.]

**I.  MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the filing fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The determination of indigency falls within the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide for himself and dependents with the necessities of life." *Id*. at 339 (internal quotation marks omitted). At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has satisfied her burden of demonstrating that she is entitled to IFP status. In her affidavit in support of her IFP motion, Plaintiff attests that her average monthly income is $608.00 for early retirement and $291.00 in food stamps. [ECF No. 2 at 2–3.] Plaintiff further attests that, as of the date of her affidavit, she had $40.00 in a checking account and her total monthly expenses are approximately $556.00. [*Id.* at 3–6.] Finally,

---

[1] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $52.00. *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Plaintiff attests that she does not anticipate major changes to her monthly income during the next twelve months. [*Id.* at 5.] The Court finds Plaintiff has sufficiently shown an inability to pay the initial filing fee without impairing her ability to pay for life's necessities. Thus, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

## II.     *SUA SPONTE* SCREENING UNDER 28 U.S.C. § 1915(e)(2) AND § 1915(a)

Complaints filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) are subject to a mandatory *sua sponte* screening by the Court. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Norris v. Kijakazi*, No. 23CV432-BLM, 2023 WL 2518870, at *2 (S.D. Cal. Mar. 13, 2023). A complaint should be dismissed *sua sponte* if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126. Complaints in social security cases are not exempt from this screening requirement. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Giselle N. v. Kijakazi*, No. 23-CV-04293-PHK, 2023 WL 6307947, at *1 (N.D. Cal. Sept. 26, 2023).

Effective December 1, 2022, the Federal Rules of Civil Procedure were amended to include the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ("Supplemental Rules"). The Supplemental Rules govern social security actions and "establish a simplified procedure that recognizes the essentially appellate character of actions that seek only review of an individual's claims on a single administrative record. . . ." Fed. R. Civ. P. Supp. Soc. Sec. R. 2022 Advisory Committee's Note.

Supplement Rule 2(b)(1) provides that the complaint must:

(A) state that the action is brought under § 405(g);

(B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;

(C) state the name and the county of residence of the person for whom benefits are claimed;

(D) name the person on whose wage record benefits are claimed; and

(E) state the type of benefits claimed.

Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1). "The elements of the claim for review are adequately pleaded under Rule 2(b)(1)(B), (C), (D), and (E)." *Id.*, 2022 Advisory Committee Note.

After reviewing the complaint pursuant to its *sua sponte* screening, the Court finds that Plaintiff has adequately plead three of the four elements. Plaintiff states that the claim is brought under 42 U.S.C. Section 405(g); identifies the decision as a denial of benefits from the ALJ on June 23, 2023, which the Appeals Counsel denied further review; identifies plaintiff by name and as the social security number used in this case; and identifies the type of benefits claimed as SSDI and SSI benefits. [ECF No. 1 at ¶ ¶ 1–2; 4, 6–8, 10.] Plaintiff therefore adequately pleads the elements required by Supplemental Rule 2(b)(1)(B), (D), and (E).

Plaintiff's complaint, however, does not satisfy Supplemental Rule 2(b)(1)(C), which specifically requires the complaint to state "the county of residence of the person for whom benefits are claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(C). Plaintiff states she lives in California and provides her mailing address but does not state "the county of residence" as required. As a result, the Court finds Plaintiff has not sufficiently pled the four elements of her claim for relief to survive a § 1915(e) screening. The Supplemental Rules provide that "[f]ailure to plead all the matters described in Rule 2(b)(1)(B), (C), (D), and (E), moreover, should be cured by leave to amend, not dismissal." *See id.* 2022 Advisory Committee Note. Accordingly, the Court **DISMISSES** the complaint **with leave to amend**. Plaintiff shall file an amended complaint within fourteen days of this Order curing the specific deficiency noted above.

**IT IS SO ORDERED**.

Dated:  November 30, 2023

*Michelle M. Pettit*
HON. MICHELLE M. PETTIT
United States Magistrate Judge