UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA H.,<br><br>                    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>                    Defendant. | Case No.: 23cv2087-GPC(MMP)<br><br>**ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND AFFIRMING COMMISSIONER'S DECISION** |

      On December 4, 2023, Plaintiff Maria H. ("Plaintiff") filed an amended complaint seeking review of the Commissioner of Social Security's final decision denying her application for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act ("Act").[1]  (Dkt. No. 5.)  After full briefing by the parties, (Dkt. Nos. 16, 17, 18), on January 24, 2025, Magistrate Judge Michelle M. Pettit issued a report and recommendation ("R&R") that the Court reverse the Commissioner's decision and remand the matter for further proceedings.  (Dkt. No. 19.)  No objections were filed.  Having carefully reviewed the parties' briefs, the R&R,

---

[1] The original complaint was filed on November 10, 2023.  (Dkt. No. 1.)

1

the administrative record, and the applicable law, the Court DECLINES TO ADOPT the R&R, and AFFIRMS the Commissioner's decision.

## Procedural Background

On September 27, 2021, Plaintiff submitted an application for disability insurance benefits under Title II of the Social Security Act alleging a disability date of July 17, 2017. (Dkt. No. 12, Administrative Record ("AR") 263-64.) She also filed an application for supplemental security income on October 1, 2021 alleging a disability date of July 17, 2017.[2] (AR 267-68.)

Both applications were denied on December 15, 2021. (AR 102-113, 114-26.) She requested reconsideration on February 10, 2022, which was denied on September 6, 2022. (AR 200-01; 204-05.) On April 21, 2023, a online video hearing was held before ALJ Howard K Treblin. (AR 16-34.) The ALJ heard testimony from Plaintiff and a vocational expert. (*Id.*) At the hearing, the alleged onset date was amended to September 1, 2020. (AR 26.)

On June 23, 2023, the ALJ concluded that Plaintiff was not disabled under the Act as of September 1, 2020. (AR 172-83.) The Appeals Council denied her request for review on September 11, 2023. (AR 6-11.) Therefore, the ALJ's decision is the final decision of the Commissioner of Social Security and subject to district court review.

## Factual Background

Plaintiff, a resident of San Diego, California, was born on August 16, 1961 and was 59 years old at the time of the amended onset date of her disability on September 1,

---

[2] Plaintiff first applied for disability insurance and supplemental security income benefits on January 17, 2018, claiming disability beginning July 15, 2017. (AR 69.) These claims were denied on May 14, 2018, and upon reconsideration on September 6, 2018. (AR 69–80, 105.) The Administrative Law Judge ("ALJ") held a telephonic hearing on these claims on August 6, 2020, and issued an unfavorable decision on August 21, 2020. (AR 69–80, 105.) The Appeal Counsel denied her request for review. (AR 87-89.) Plaintiff appealed the ALJ's decision to this Court in case no. 20-cv-2532-RBB. (AR 96.) The court ruled in favor of the Commissioner. (*Maria H. v. Kijakazi*, Case No. 20cv2532-RBB, Dkt. No. 20.)

2020. (AR 101.) Her highest level of education is an associate's degree. (AR 17.) She has past relevant work doing clerical work for the county, a registration clerk at a hospital and a front office clerk at a motel. (AR 27-28.) Her most recent employment, in 2021, was as a caregiver working eight hours per week by being present and providing medication. (AR 18.)

**A.   The ALJ's Decision**

For the purposes of the Social Security Act, a claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to determine whether a claimant meets this definition, the ALJ employs a five-step sequential evaluation. 20 C.F.R. § 404.1520(a); 20 C.F.R. § 416.920(a).

In brief, the ALJ considers whether the claimant is disabled by determining: (1) whether the claimant is "doing substantial gainful activity"; (2) whether the claimant has a "severe, medically determinable physical or mental impairment . . . or a combination of impairments that is severe" and that has lasted for more than 12 months; (3) whether the impairment "meets or equals" one of the listings in the regulations; (4) whether, given the claimant's residual functional capacity ("RFC"), the claimant can still do his or her "past relevant work"; and (5) whether the claimant "can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(i)-(v); 20 C.F.R. § 416.920(a)(4)(i)-(v). At steps four and five, the ALJ determines a claimant's RFC. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014). The burden of proof is on the claimant at steps one through four but shifts to the Commissioner at step five. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

Here, the ALJ applied the five-step sequential framework to determine that Plaintiff is not disabled. (AR 172-83.) At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 1, 2020, the amended alleged

onset date of disability. (AR 175.) At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine; chronic pain; degenerative inflammatory arthritis; fibromyalgia; diabetes mellitus; hypertension; and depression. (AR 176.) At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 178.) The ALJ determined that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b) which includes the ability to "lift and/or carry 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for 6 hours out of an 8-hour workday with regular breaks; can sit for 6 hours out of an 8-hour workday with regular breaks; is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying; and can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl." (AR 179.)

At step four, given Plaintiff's RFC, the ALJ determined that Plaintiff is able to perform past relevant work as a registration clerk and motel front office clerk. (AR 182.) As such, the ALJ concluded Plaintiff has not been under a disability as defined in the Social Security Act from September 1, 2020 through the date of the decision. (AR 182.)

## Discussion

**A.    Standards of Review**

    **1.    Standard of Review of Magistrate Judge's Report and Recommendation**

The district court's duties in connection with an R&R from a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district court "may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate." 28 U.S.C. § 636(b); *see Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (*en banc*). However, the district court must conduct a *do novo*

review of any part of the R&R that has been objected to. Fed. R. Civ. P. 72(b)(3). Here, no objections were filed.

### 2. Standard of Review of Commissioner's Final Decision

Section 205(g) of the Act permits unsuccessful claimants to seek judicial review of the Commissioner's final agency decision. 42 U.S.C. § 405(g). The reviewing court may enter a judgment affirming, modifying, or reversing the Commissioner's decision, and may also remand the matter to the Commissioner of Social Security for further proceedings. *Id.*

The scope of the reviewing court is limited; it may only "set aside the ALJ's denial of benefits . . . when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (internal quotations omitted). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). However, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**B.     Analysis**

Plaintiff raises two issues arguing that the ALJ erred as a matter of law by failing to account for her mental limitations, even though mild, in the RFC analysis and the ALJ did not incorporate any of these limitations into the questions posed to the vocational expert. (Dkt. No. 16 at 9, 13.[3]) The Commissioner responds that the ALJ did not have to explicitly address Plaintiff's mild mental limitations relying on *Woods v. Kijakaji*, 32 F.4th 785 (9th Cir. 2022) and did not have to include the mild mental limitations in the hypothetical posed to the VE. (Dkt. No. 17 at 4-7, 8.) The R&R agreed with Plaintiff's

---

[3] Page numbers are based on the CM/ECF pagination.

arguments relying on unpublished district court cases raised by Plaintiff where the courts found that the ALJs erred when they failed to address the claimants' mild limitations in mental functioning into the RFC determinations. (Dkt. No. 19 at 14-17.) The R&R also concluded that the ALJ erred by failing to question the vocational expert related to those mild mental limitations. (AR 19-20.)

The Court disagrees with the R&R's analysis that summarily disregards Ninth Circuit precedent in favor of non-binding unpublished district court cases relied on by Plaintiff.

### 1. Mild Mental Impairments and RFC Analysis

In support of her argument that the ALJ erred in failing to include her mild mental limitations into the RFC, Plaintiff relies on two unpublished district court cases that pre-date *Woods*. (Dkt. No. 16 at 9-10.) In *Patricia C. v. Saul*, Case No.: 19-cv-00636-JM-JLB, 2020 WL 4596757, at *12 (S.D. Cal. Aug. 11, 2020), the claimant argued that the ALJ erred by not including her mild limitations in each of the four broad functional areas in the RFC determination. *Id.* at *13. The court held, "[f]ollowing *Hutton*,[4] the Court here finds that the ALJ erred because the hearing decision does not reflect any reasoned consideration in the RFC analysis of the mild mental limitations the ALJ found Plaintiff to have at Step Two." *Id.* at *13. Similarly, in *Gates v. Berryhill*, Case No. ED CV 16–00049 AFM, 2017 WL 2174401 (C.D. Cal. May 16, 2017), the plaintiff argued the ALJ erred by not including the mild mental impairment in the RFC and the hypothetical presented to the VE. *Id.* at *2. Relying on *Hutton,* the district court held that the ALJ erred by failing to consider the claimant's mild mental limitations in the RFC and in the hypothetical presented to the VE because "the ALJ's decision does not reflect an actual consideration and reasoned determination as to why the mild social functioning limitation was not included in the RFC." *Id.* at *3.

---

[4] *Hutton v. Astrue*, 491 Fed. App'x 850 (9th Cir. Dec. 5, 2012)

Both *Patricia C.* and *Gates* relied on *Hutton*, where the Ninth Circuit, in an unpublished decision, held that the ALJ erred by failing to consider the claimant's PTSD, even though non-severe, when he assessed the RFC. *Hutton v. Astrue*, 491 Fed. App'x 850, 850 (9th Cir. Dec. 5, 2012) (citing 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe[.]' ").) At step two, the ALJ assessed the four functional areas under 20 C.F.R. § 404.1520a(c)(3) looking at "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation", and found the claimant suffered no limitation with respect to daily activities or social functioning, mild limitations in the area of concentration, persistence, or pace, and no episodes of decompensation. *Id.* As such, the ALJ concluded the claimant's PTSD was non-severe. *Id.* The Ninth Circuit held that the ALJ erred by failing to consider the PTSD when he determined the RFC because the ALJ must address all limitations, even those that are non-severe. *Id.*

More recently, in a published opinion, the Ninth Circuit addressed a similar issue where the claimant argued that the ALJ erred by failing to include any mental limitations in the RFC even though the medical records showed that she had problems with mood, anxiety, memory and concentration. *Woods*, 32 F.4th at 794. There, at step two, the ALJ assessed the claimant's mental functioning in four broad areas known as "paragraph B", as being mild in "understanding, remembering or applying information" and "concentrating, persisting, or maintaining pace," and no limitation in "interacting with others" and "adapting or managing oneself." *Id.* The ALJ summarily stated in boilerplate language, "the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis."[5] *Id.* Yet, the RFC did not explicitly address the mild limitations in mental

---

[5] The Court takes judicial notice of the AR in the Woods Case. *See Woods v. Kijakazi*, Case No. 21-35458, Dkt. No. 12, AR 45, 46 (Ninth Circuit Sept. 23, 2021).

functioning in the RFC.  *Id.*  Nonetheless, the Ninth Circuit held that the ALJ's "assessment of her residual functional capacity expressly reflected these [mental] limitations."  *Id.*  The Ninth Circuit did not find the boilerplate language that the RFC "reflects the degree of limitation" found in the paragraph B analysis, procedurally deficient.  *Id.*  The Ninth Circuit also faulted the claimant for not identifying any particular evidence that the ALJ failed to consider or describe why the record did not support the ALJ's findings.  *Id.*

Prior to *Woods*, courts have recognized a district court split on whether an ALJ must address mild mental limitations assessed at the second step into the RFC determination.  *See Hilda V.A. v. Kijakazi*, Case No. 5:22-cv-01064-KES, 2023 WL 1107867, at *3-4 (C.D. Cal. Jan. 30, 2023) (recognizing a split); *George A. v. Berryhill*, No. 5:18-CV-00405-AFM, 2019 WL 1875523, at *4 (C.D. Cal. Apr. 24, 2019) (*same*). On the one hand, "some district courts have found error when an ALJ finds a mild mental limitation during [step two] and fails to craft a corresponding functional restriction for the RFC."  *Hilda V.A.*, 2023 WL 1107867, at *3 (relying on *Hutton v. Astrue*, 491 Fed. App'x 850 (9th Cir. Dec. 5, 2012).  On the other hand, "[o]ther district courts have distinguished *Hutton*, ruling that if the ALJ (1) states that he/she considered whether the claimant's mild mental limitations would cause functional limitations and determined they would not; and (2) substantial evidence supports that determination, then the ALJ's decision must be affirmed on appeal."  *Id.*

Post-*Woods*, district courts have asserted that *Woods* has resolved the split among district courts and an "ALJ's decision [is] procedurally sufficient, even though the ALJ neither accommodated [the claimant's] mild mental limitations in the RFC nor explained why accommodations were unnecessary."  *Hilda V.A.*, 2023 WL 1107867, at *4 (*Woods* "appears to resolve this conflict."); *Tyson v. Kijakazi*, Case No. 1:21-cv-00688-BAM, 2023 WL 2313192, at *4 (E.D. Cal. Mar. 1, 2023) (conflict appears to have been addressed by *Woods*); *Beyer v. O'Malley*, No. 1:23-cv-1041-GSA, 2024 WL 4752426, at

*4 (E.D. Cal. Nov. 12, 2024) (citing *Woods* stating, "Simply put, there is no requirement that <u>mild</u> limitations be incorporated into the RFC.") (emphasis in original).

District courts have held that as long as the ALJ states that the determined RFC assessment "reflects the degree of limitation [she] found in the 'paragraph B' mental function analysis,", boilerplate language, that "is sufficient to carry the burden imposed by the Regulations." *Tyler M.E. v. O'Malley*, Case No. EDCV 23-01291 RAO, 2024 WL 1887052, at *4 (C.D. Cal. Apr. 29, 2024) (citations omitted); *DeLuna v. O'Malley*, Case No. 1:23-cv-00902-HBK, 2024 WL 4133621, at *8 (E.D. Cal. Sept. 10, 2024) (applying *Woods* and concluding ALJ did not err in when the ALJ stated that the RFC assessment "reflects the degree of limitation . . . found in the 'paragraph B' mental function analysis").

Under the Regulations, residual functional capacity "is the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 416.945(a)(1). Where there is more than one impairment, the Commissioner "will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity." 20 C.F.R. § 404.1545(a)(2); 20 C.F.R. § 416.945(a)(2).

At step two, the ALJ must consider the four broad functional areas of mental functioning, also known as the "paragraph B" criteria, and include (1) "Understand, remember, or apply information;" (2) "interact with others;" (3) "concentrate, persist, or maintain pace;" and (4) "adapt or manage oneself". 20 C.F.R. § 404.1520a(c)(3). The five-point scale include, "None, mild, moderate, marked, and extreme." 20 C.F.R. § 404.1520a(c)(4). A degree of limitation of "none" or "mild" generally means the impairment(s) are not severe, "unless the evidence indicates that there is more than a minimal limitation in your ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1).

"It is well established that a condition that produces only mild symptoms or functional limitations does not significantly limit a claimant's ability to do basic work

activities." *Magana v. Comm'r of Soc. Sec.*, No. 2:17-cv-1809-KJN, 2018 WL 5999630, at *3 (E.D. Cal. Nov. 15, 2018 (citing, *Lusardi v. Astrue,* 350 Fed. App'x 169, 172 (9th Cir. Oct. 30, 2009) (unpublished) (evidence of mild to no functional limitations attributable to a diagnosis of major depressive disorder sufficient to support a non-severe finding); *Stenberg v. Comm'r of Soc. Sec. Admin.*, 303 Fed. App'x 550, 552 (9th Cir. Dec. 16, 2008) (unpublished) (ALJ properly rejected the claimant's claim of severe mental impairments where "they caused no restrictions in Claimant's daily activities and only mild difficulties in maintaining social functioning, concentration, persistence, and pace.")). As such, "limiting effects that do not significantly interfere with a claimant's ability to work are not required to be included in a claimant's RFC." *Tyler M.E.*, 2024 WL 1887052, at *3. Even pre-*Woods*, district courts have concluded that as long as the ALJ "actually reviews the record and specifies reasons supported by substantial evidence for not including the non-severe impairment [in the RFC determination], the ALJ has not committed legal error." *Medlock v. Colvin*, Case No. CV 15-9609-KK, 2016 WL 6137399, at *5 (C.D. Cal. Oct. 20, 2016); *see also McIntosh v. Berryhill*, No. EDCV 17-1654 AGR, 2018 WL 3218105, at *4 (C.D. Cal. June 29, 2018) (because ALJ concluded that mental impairment caused no more than minimal restrictions, there was no requirement to include it in the claimant's RFC).

Here, at step two, even though depression was listed as a severe impairment, the ALJ found that it did not cause more than a minimal limitation on Plaintiff's ability to perform basic mental work activities, and therefore, the ALJ found she did not have a severe mental impairment. (AR 176.) In arriving at this conclusion, the ALJ considered Plaintiff's complaints of depressed mood, poor concentration, loss of interest in activities and low energy but found her complaints were not supported by objective evidence as she did not consistently see a psychiatrist or was never hospitalized for psychiatric treatment. (AR 176.) The ALJ noted that even her primary care physician noted unremarkable mental status examinations and prescribed duloxetine. (AR 176.) Further, the psychiatrist consultative examination revealed a relatively normal mental status exam

with mildly anxious mood and affect and only slight deficit in memory testing. (AR 176.)

In coming to his finding of no severe mental impairment, the ALJ also assessed the four broad functional areas of mental functioning, or paragraph B criteria, and found Plaintiff had "mild limitations" in all four areas of understanding, remembering, or applying information; in interacting with others; in concentrating, persistence, or maintaining pace; and adapting or managing herself. (AR 176-77.) Then, reciting the same boilerplate language as in *Woods*, the ALJ explained that his RFC assessment "reflects the degree of limitation [he] found" in the 'paragraph B' mental function analysis." (AR 177.) However, in contrast to *Woods*, following this statement, the ALJ continued his consideration of Plaintiff's mild mental functional as it relates to work activities. He discussed the psychiatric consultative exam conducted by Dr. Samuel Etchie on July 22, 2022 which the ALJ found persuasive as it was well supported by Dr. Etchie's examination findings and consistent with Plaintiff's normal activities of daily living. (AR 177-78.) After conducting Plaintiff's past psychiatric history, showing that she was previously diagnosed with depression, was taking "Only Cymbalta" and indicated she will be starting individual therapy, Dr. Etchie conducted a mental status examination. (AR 888-89.) Even though Plaintiff complained of being sad, depressed and anxious, based on his objective clinical findings, Dr. Etchie found she had mild limitations in all of the following: performing simple and repetitive tasks; performing detailed and complex tasks; performing work related tasks and activities on a consistent basis without special or additional supervision; accepting instructions from supervisors; interacting with coworkers; and dealing with the public; and dealing with the usual stresses, changes and demands of gainful employment. (AR 887, 890.) He also noted that Plaintiff had no difficulty interacting with clinic staff or him. (AR 890.)

Further, the ALJ found supportive the finding of Dr. Cal VanderPlate, psychological consultant, who concluded that Plaintiff's mental impairment is nonsevere. (AR 178; *see* AR 139-40.) In conclusion, the ALJ stated that the medical finding of an

"unremarkable mental status examinations" is supported by the objective medical evidence. (AR 178.) In this case, the ALJ considered Plaintiff's mild mental limitations as it concerned functional work activities and concluded that her ability to perform work related tasks are all mildly limited. (AR 177-78; AR 889-90)

While it is difficult to reconcile *Hutton* with *Woods*, *Woods* is binding precedent. Nonetheless, based on the facts of this case, the Court finds that the ALJ did not err under *Woods* or even under the *Patricia C.* and *Gates* cases relied on by Plaintiff where the district courts found the ALJ erred because there was no "reasoned consideration in the RFC analysis of the mild mental limitations the ALJ found Plaintiff to have at Step Two." *Patricia C.,* 2020 WL 4596757, at *13; *Gates*, 2017 WL 2174401, at *3 ("the ALJ's decision does not reflect an actual consideration and reasoned determination as to why the mild social functioning limitation was not included in the RFC."). Here, not only did the ALJ use the boilerplate language that the RFC reflects the degree of limitation it assessed at step two, but he also provided additional reasoning to support his conclusion that Plaintiff's mental impairments are nonsevere and that they do not cause more than a minimal limitation Plaintiff's ability to do basic work activities. (AR 177-78.) Therefore, the ALJ did not need to include the mild mental limitations in the RFC. *See George,* 2019 WL 1875523, at *5 ("In sum, the ALJ considered the evidence related to Plaintiff's mental impairments before concluding not to include any mental limitations in the RFC or in the hypothetical to the VE. That was not error."); *Koshak v. Berryhill*, Case No. CV 17-6717-AFM, 2018 WL 4519936, at *8 (C.D. Cal. Sept. 19, 2018) (an ALJ is not required to include limitations in the RFC if the record supports a conclusion that the non-severe impairment does not cause a significant limitation in the claimant's ability to work); *Banks v. Berryhill*, Case No. CV 17–05535–JDE, 2018 WL 1631277, at *4 (C.D. Cal. Apr. 2, 2018) ("However, while the ALJ must consider the limiting effects of all impairments, consideration 'does not necessarily require the *inclusion* of every impairment into the final RFC if the record indicates the non-severe impairment does not cause a significant limitation in the plaintiff's ability to work.") (emphasis in original)

(citing *Medlock*, 2016 WL 6137399, at *4); *Ball v. Colvin*, No. CV 14–2110–DFM, 2015 WL 2345652, at *3 (C.D. Cal. May 15, 2015) ("As the ALJ found that Plaintiff's mental impairments were minimal, the ALJ was not required to include them in Plaintiff's RFC.").

Further, Plaintiff does not challenge the ALJ's findings of mild mental limitations in paragraph B or does not argue that the ALJ's assessment of mild mental limitations is not supported by substantial evidence in the record. Therefore, the Court concludes that the ALJ did not err in failing to account for Plaintiffs mild mental limitations, that are non-severe, in the RFC. [6] *See Woods,* 32 F.4th at 794; *Medlock*, 2016 WL 6137399, at *4 ("Provided the ALJ does not rely on boilerplate language, but actually reviews the record and specifies reasons supported by substantial evidence for not including the non-severe impairment, the ALJ has not committed legal error.") (citing *Burch v. Barnhart*, 400 F.3d 676, 683-84 (9th Cir. 2005) (finding ALJ's decision not to include plaintiff's impairment in VE hypothetical or RFC determination was proper because there was no evidence plaintiff's impairment caused any functional limitations)).

///

///

---

[6] In her moving brief, Plaintiff also relies on the Program Operations Manual System ("POMS") contending that the ALJ erred by failing to assess her mild mental limitations in the RFC analysis. (Dkt. No. 16 at 12-15.) POMS, an agency policy and procedure manual, "does not impose judicially enforceable duties on either this court or the ALJ. *Lockwood v. Comm'r Soc. Sec. Admin*., 616 F.3d 1068, 1073 (9th Cir. 2010) (citing *Lowry v. Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003)); *Evelyn v. Schweiker*, 685 F.2d 351, 352 n.5 (9th Cir. 1982) ("the guidelines [POMS] do not have the force and effect of law" but "they are not of absolutely no effect or persuasive force."). Nonetheless, even if the Court considered the POMS, they do not alter the Court's ruling. Plaintiff references mental abilities that are critical for performing unskilled work such as POMS DI 20520.010(B)(3)(h) ("make simple work-related decision"), (B)(3)(g) ("work in coordination with or proximity to others without being (unduly) distracted by them"); (B)(3)(k) ("accept instructions and respond appropriately to criticism from supervisors"; and (B)(3)(m) ("respond appropriately to changes in a (routine) work setting"). Most of these work activities were assessed as mild impairments by the ALJ based on the record. (AR 176-78; AR 890.) Plaintiff's reliance on the POMS do not support her arguments.

### 2. Vocational Expert

Plaintiff also argues that the ALJ erred because he did not incorporate any of the mild mental limitations into the questions posed to the VE. (Dkt. No. 16 at 13-14.) The Commissioner disagrees. (Dkt. No. 17 at 8.)

"An ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) (only limitations supported by substantial evidence must be presented to the vocational expert.). In *Osenbrock*, the Ninth Circuit held that the ALJ did not err in not propounding a hypothetical question that included depression because it was not supported by substantial evidence in the record. *Id.* at 1165. The record showed that the claimant's treating physician diagnosed the claimant's depression as a mild impairment "which presented no significant interference with the ability to perform basic work-related activities." *Id.*

Here, Plaintiff's argument is expressly premised on what she claims were errors made by the ALJ in determining her limitations which the Court has rejected. Plaintiff has not disputed the ALJ's findings of mild mental limitations, that they do not cause more than a minimal limitation on her ability to do basic work activities, and that the ALJ's assessment is supported by substantial evidence in the record. As such, because the ALJ properly did not include any mental limitations in the RFC, the ALJ did not err when he did not include those mild mental limitations in the hypothetical questions posed to the VE. *See Burch*, 400 F.3d at 684 (finding ALJ's decision not to include plaintiff's impairment in VE hypothetical or RFC determination was proper because there was no evidence plaintiff's impairment caused any functional limitations); *George A.*, 2019 WL 1875523, at *5 ("Given the absence of evidence that Plaintiff's mild mental impairments limited Plaintiff's ability to perform any work-related activities, the ALJ was not required to include additional mental limitations in his RFC assessment or hypothetical to the VE.").

**Conclusion**

Based on the reasoning above, the Court DECLINES to ADOPT the R&R, and AFFIRMS the Commissioner's decision. The Clerk of Court shall close the case.

IT IS SO ORDERED.

Dated: March 20, 2025

Hon. Gonzalo P. Curiel
United States District Judge