UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA H.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　　　　Defendant. | Case No.: 23cv2087-GPC(MMP)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER**<br><br>[Dkt. No. 24.] |

Before the Court is Plaintiff Maria H.'s ("Plaintiff") motion to alter or amend order and judgment in this case pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. No. 24.) Defendant Commissioner of Social Security Administration filed an opposition. (Dkt. No. 30.) No reply was filed. Based on the reasoning below, the Court DENIES Plaintiff's motion to alter or amend the Court's order filed on March 20, 2025.

**Background**

On December 4, 2023, Plaintiff Maria H. ("Plaintiff") filed an amended complaint seeking review of the Commissioner of Social Security's final decision denying her application for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. (Dkt. No. 5.) After full briefing by the parties, on January 24, 2025, the Magistrate Judge issued a report and

recommendation that the Court reverse the Commissioner's decision and remand the case for further proceedings. (Dkt. No. 19.) No objections were filed. On March 20, 2025, the Court declined to adopt the report and recommendation and affirmed the Commissioner's decision. (Dkt. No. 20.) The Court found that the ALJ did not err in failing to account for Plaintiff's mild mental limitations, that are non-severe, in the residual functional capacity analysis, and accordingly, the ALJ did not err when he did not include those mild mental limitations in the hypothetical questions posed to the vocational expert. (*Id.* at 13-14.)

## Discussion

A.  **Legal Standard Federal Rule of Civil Procedure 59(e)**

Under Federal Rule of Civil Procedure ("Rule") 59(e), reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). A court commits clear error when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith*, 727 F.3d at 955 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (*per curiam*) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A motion for reconsideration cannot "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890. "A district court has considerable discretion" when considering a Rule 59(e) motion. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

/ / /

/ / /

### B. Analysis

Plaintiff argues the Court committed clear error by misapplying the holding in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). (Dkt. No. 24-1 at 3-4.) According to Plaintiff, the Court improperly held that an ALJ does not need to incorporate mild mental limitations into the RFC as long as the ALJ uses boilerplate language stating that the "following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." (Dkt. No. 24-1 at 3.) Instead, Plaintiff argues, in *Woods,* the Ninth Circuit conducted a two-pronged assessment. First, the court alluded to boilerplate language that the mental limitations found in the paragraph B analysis have been accounted for in the RFC. Second, the court noted that the ALJ also characterized the medical evidence as "not reflect[ing] any significant complaint of mental health symptoms." (*Id.* at 4.) Therefore, according to Defendant, the ALJ stated that the mild limitations were accounted for and also explained why no limitations for the mild mental limitations were accounted for." (*Id.*) Defendant contends that the Court properly applied *Woods*. (Dkt. No. 30 at 2-4.)

Contrary to Plaintiff's argument, the Court did not conclude that an ALJ does not need to incorporate mild mental limitations into the RFC as long as the ALJ uses boilerplate language. (*See* Dkt. No. 20 at 13.) Instead, the Court recognized district courts that have made that conclusion. (*Id.* at 8-9.)

Further, Plaintiff appears to overlook the Court's ruling that not only did the ALJ in this case use boilerplate language that the RFC reflects the mental degree of limitation it assessed at step two, but also considered and provided reasoning to support his conclusion that Plaintiff's mental impairments are nonsevere and do not cause more than a minimal limitation in Plaintiff's ability to do basic work activities. (Dkt. No. 12, Administrative Record ("AR") 177-78.) The ALJ in this case did what the ALJ in *Woods* did and provided reasoning to support why he did not include mild mental impairments into the RFC analysis. Thus, the Court DENIES Plaintiffs' motion for reconsideration on this ground.

Additionally, Plaintiff argues that the Court erred because it failed to recognize an internal inconsistency where, on the one hand, the ALJ listed depression as a severe impairment, but after review of the records, the ALJ then found that she did not have a severe mental impairment. (AR 176.) This issue is being raised for the first time as Plaintiff did not raise this issue in her briefing on the merits. A motion for reconsideration may not raise new arguments or claims not raised in the previous motion. *See 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("Raising the argument . . . in his motion for reconsideration was simply too little, too late."); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation") (emphasis in original) (citing *389 Orange Street Partners*, 179 F.3d at 665). The Court declines to address Plaintiff's argument which was raised for the first time on a motion for reconsideration when she could have raised it in the prior merits briefing.

Accordingly, the Court DENIES Plaintiff's motion for reconsideration.

## Conclusion

Based on the above, the Court DENIES Plaintiff's motion to alter or amend the Court's order and judgment. The hearing set on May 23, 2025 shall be **vacated**.

IT IS SO ORDERED.

Dated: May 2, 2025

Hon. Gonzalo P. Curiel
United States District Judge